King, J.,
delivered the opinion of the court.
■ February 11, 1911, what purports to be an authenticated copy of the record in this cause was lodged in the supreme court, and thereafter the cause was transferred to this court. October 2, • 1911, appellee appearing specially for that purpose only, filed in this court, but entitled as of the supreme court, his motion to dismiss the appeal for three reasons: 1. Because the judgment appealed from does not exceed the sum of five hundred dollars exclusive of costs, nor relate to a franchise or freehold. 2. Because the bill of exceptions filed herein was not filed, tendered, or signed, within the time limited by order of the trial court. 3. That the record in said cause was not filed or lodged in the supreme court within the time provided by law.
The second reason assigned is not sufficient to justify a dismissal.. The record presents some question as to the -time when the authenticated copy of the record, of the judgment appealed from should have been filed in the supreme court; but, inasmuch as the appeal must be dismissed for the first reason assigned, a determination of the motion on the third ground will not at this time be made.
The appeal in this case was taken from a judgment of the county court of the county of Summit, which judgment was for the sum of $299.50 and *212 costs, rendered August 30, 1910; and did not relate to a franchise or freehold. Therefore, the supreme court had not jurisdiction to entertain the appeal.
It appears that the supreme court would have jurisdiction of this cause had it come up thereto on writ of error; and if it were still pending in the supreme court, it might, perhaps, he re-entered as pending on writ of error, as provided by section 423, code of civil procedure. But inasmuch as the act creating the court of appeals does not seem to confer upon this court jurisdiction of cases taken to the supreme. court for review upon writs of error to county courts, this appeal will be dismissed without prejudice to a writ of error.